Filed 3/11/21  P. v. Camerano CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307107 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA171892-01) |
| v. | |
| RAYMOND CAMERANO, | |
| Defendant and Appellant. | |

THE COURT:

Raymond Camerano (defendant) appeals the trial court's denial of his motion for relief under Penal Code section 1170.95[1] after briefing and a hearing at which he was represented by counsel.  We conclude there was no error and affirm.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS AND PROCEDURAL BACKGROUND

**I.    Facts[2]**

### A.    *The underlying crime*

On June 3, 1998, defendant and a number of fellow gang members were driving through rival gang territory in a Cadillac registered to defendant. They spotted "Randolph Cisneros, a young deaf-mute man," and gestured to him "to come to the car." "Cisneros was about a foot from the passenger side of the car, and it appeared that he was trying to understand what the occupants of the car were saying" when shots rang out. "Cisneros was shot three times and died as a result of two gunshot wounds to the left side of his back. The shots were consistent with having been fired by someone seated in a car."

### B.    *Charging, conviction and appeal*

The People charged defendant with the first degree murder of Cisneros (§ 187, subd. (a)), and further alleged the special circumstance that the murder was perpetrated by means of discharging a firearm from a motor vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)).

The jury found defendant guilty of first degree murder, and found both of the further allegations to be true.

In light of the special circumstance finding, the trial court sentenced defendant to prison for life without the possibility of parole, plus an additional one-year sentence for the firearm enhancement.

Defendant appealed his conviction and argued, among

---

[2]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Camerano* (June 26, 2001, B141226) [nonpub. opn.].)

other things, the evidence was insufficient to support the finding "that he aided and abetted the commission of a first degree murder with the intent to kill." We rejected defendant's arguments and affirmed the conviction in an unpublished opinion.

### C. *Petition for a writ of habeas corpus*

In 2019, defendant filed a petition for a writ of habeas corpus in the superior court, seeking to have his first degree murder convictions set aside based on *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), superseded by Senate Bill 1437 as stated in *People v. Gentile* (2020) 10 Cal.5th 830. In *Chiu*, our Supreme Court held "an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine." (*Id.* at pp. 158-159, italics omitted; see also *id.* at p. 165 [holding the natural and probable consequences doctrine's primary rationale is served, in the context of murder, by holding an aider and abettor "culpable for the perpetrator's commission of the nontarget offense of second degree murder"].)

The trial court denied the petition because: "[i]n finding true the Special Circumstance . . . , the jury necessarily found that [defendant] was either the actual killer or, if not the actual killer, [defendant] had the intent to kill, and aided the actual killer in the commission of the drive-by first degree murder. Moreover, the Appellate Court [on direct appeal] found that the evidence sufficiently established that [defendant] was either the actual killer or, if not the actual killer, [defendant] had the intent to kill, and aided the actual killer in the commission of the drive-by first degree murder."

## II. Procedural Background

On July 31, 2019, defendant filed a petition seeking

resentencing under section 1170.95.  In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."  He also requested the appointment of counsel. After considering the People's response and defendant's reply, and after a hearing, the trial court denied defendant's petition on the ground that defendant's conviction necessarily relied on a finding that he directly aided and abetted the killing, which rendered him ineligible for relief under section 1170.95.

Defendant filed this timely appeal.

## DISCUSSION

Defendant's appointed counsel filed an "Opening Brief" in which no arguable issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On December 18, 2020, we advised defendant that he had 30 days within which to personally submit any grounds of appeal, contentions, or argument for us to consider.  Defendant filed an eight-page supplemental brief on January 12, 2021.

Having reviewed the entire record and considered the contentions in defendant's supplemental brief, we find no arguable basis for reversing the trial court's order summarily denying defendant relief under section 1170.95.[3]

---

[3]    Because this appeal is from an order denying postconviction relief rather than defendant's first appeal of right from a criminal conviction, defendant is not entitled to *Wende* review.  (*People v. Cole* (2020) 52 Cal.App.5th 1023

Summary denial of a petition for relief under section 1170.95 is appropriate, notwithstanding a defendant's allegations of entitlement to relief, if the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598, italics added; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted Mar. 18, 2020, S260493; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011; *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*); see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].) A defendant is ineligible for relief *as a matter of law* in cases where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon a theory of liability that is unaffected by section 1170.95 (that is, on the theory that defendant was the actual killer or directly aided and abetted the killing).

Here, the record of conviction establishes *as a matter of law*, that the jury in his case *actually relied* upon the valid theory that defendant was either the actual killer or had aided and abetted a first degree murder—and a conviction resting on either of those theories is outside the ambit of section 1170.95. (*Drayton*, *supra*, 47 Cal.App.5th at p. 968 [in assessing whether a petitioner has established a prima facie case, the trial court

_____

(*Cole*), review granted Oct. 14, 2020, S264278; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.) Nevertheless, because defendant has filed a supplemental brief, he is entitled to have us review the arguments he presents in that brief. (*Cole*, at p. 1040.)

5

"should accept the assertions in the petition as true unless facts in the record *conclusively refute them as a matter of law*"], italics added.)  With regard to the special circumstance allegation in this case, the jury was instructed:  "If you find that [defendant] was not the actual killer of a human being, or if you find he was the actual killer, or if you are unable to decide whether [defendant] was the actual killer or an aider and abettor, *you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that* [*defendant*] *with the intent to kill aided, abetted*, counseled, commanded, induced, solicited, requested, or assisted any actor *in the commission of the murder in the first degree*."  (Italics added.)  The jury's "true" finding necessarily means that it found defendant to be the "actual killer" or someone who directly "aided" and "abetted" the actual killer "with the intent to kill."  A defendant convicted as the actual killer or as a direct aider and abettor is not entitled to relief under section 1170.95.  (§§ 1170.95, subd. (a)(3), 189, subds. (e)(1) & (e)(2).)

In his supplemental brief, defendant argues that "the record does not show beyond a reasonable doubt that the jury did not rely on the abrogated theory of natural and probable consequences."[4]  He is wrong.  His jury was never instructed on the natural and probable consequences theory of liability.  And

---

[4]    Defendant's claims of ineffective assistance of counsel are beyond the scope of this appeal from the order denying his section 1170.95 petition.  (Cf. *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 564, fn. 6 [declining to consider issues that were "beyond the scope of the . . . appeal"].)

although his jury heard *the phrase* "natural and probable consequence" when the trial court gave the "standard instruction defining malice" (*People v. Jones* (2013) 57 Cal.4th 899, 966), that instruction uses that phrase in a different context and does *not* present the natural and probable consequences *theory of liability* before a jury. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939 ["Although the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts"].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI , P. J.,     ASHMANN-GERST, J.,     HOFFSTADT, J.

7